

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

COZEN
O'CONNOR
ATTORNEYS

A PROFESSIONAL CORPORATION

NEWARK
NEW YORK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

SUITE 1400   CHASE MANHATTAN CENTRE   1201 NORTH MARKET STREET   WILMINGTON, DE 19801-1147
302.295.2000   888.207.2440   302.295.2013 FAX   www.cozen.com

March 28, 2005

Sean J. Bellew
Direct Phone  302.295.2026
Direct Fax      302.295.2013
sbellew@cozen.com

**VIA ECF AND HAND DELIVERY**

The Honorable Gregory M. Sleet
U.S. District Court, District of Delaware
844 N. King Street
Room 4324, Lockbox 19
Wilmington, DE 19801

    **Re:**    **Ellesse USA, Inc. v. Sean Combs and Sean John Clothing, Inc.**
            **United States District Court, District of Delaware**
            **Civil Action No. 04-1316**

Dear Judge Sleet:

       We represent the Defendants, Sean Combs and Sean John Clothing, Inc. ("Sean John"), in the above-referenced matter commenced by Ellesse USA, Inc. ("Ellesse"). We are writing to advise the Court of our concerns regarding the feasibility of conducting a successful settlement conference on Wednesday, April 6, 2005 at 10:00 a.m. The mediation statement is due on Wednesday, March 30. We respectfully request that the Court consider postponing the settlement conference for forty-five (45) days.

       In light of the Court's instructions at the status and scheduling conference on February 2, 2005, Defendants have continued their efforts to amicably resolve this action without further involvement by the Court. At the time of the conference, Ellesee's settlement demand was $150,000. Defendants' counter-offer was $30,000. During the first week of March, Defendants substantially increased their original offer by offering the following: First, Sean John offered Ellesse a cash payment of $50,000. Second, Mr. Combs offered to wear Ellesse's apparel (to be mutually selected) on an episode of his popular television series *Making of the Band 3*, which is a one-hour show aired on MTV. The series is in its third season and is televised throughout the world.

       Although Ellesse's counsel expressed to Jonathan Davis, Esq., Defendants' New York counsel, that the revised offer was "very interesting" and more in line with what Ellesse would consider in lieu of a larger cash payment, Ellesse initially rejected the offer on the grounds that insufficient information concerning the show and its viewership demographics was provided.

WILM1\29728\1 158823.000

The Honorable Gregory M. Sleet
March 28, 2005
Page 2

_____

During the week of March 13, Mr. Davis provided Ellesse's counsel with specific details concerning the show.  For example, teenagers to thirty-something adults watch the show; a typical show is watched by approximately 2 million viewers; and a 30-second commercial cost between $60,000 and $95,000, depending on the time of the day the show is aired.  Each weekly episode is repeated five times during the ensuing week   Ellesse's counsel advised Mr. Davis that he would promptly convey this additional information to his client.  To date, Mr. Davis has been told only that the Ellesse representative responsible for this matter is in Hong Kong and that counsel was having difficulty reaching him.

      Furthermore, the status of discovery in this case is such that a settlement conference would not be the best use of the Court's time at this juncture.  Defendants have yet to receive responses to the discovery requests directed to Ellesse.  Moreover, Ellesse is now insisting on a Rule 30(b)(6) deposition, even though it was not noticed to allow for the completion of the deposition before the Court's discovery cut-off of March 23, 2005.  Moreover, Plaintiff has asserted numerous objections to Defendant's discovery responses.

      Thus, without fault of either party, the parties have yet to benefit from meaningful discovery.  Defendants do not object to producing a Rule 30(b)(6) deponent at a mutually agreed time, notwithstanding its untimeliness, and they obviously do not object to addressing Plaintiff's objections to the proffered discovery responses.  However, we submit that insufficient time remains to accomplish all discovery needs in order to engage in a productive and successful settlement conference on the date now scheduled.

      We submit that if a modest amount of additional time is granted, the parties are likely to resolve this matter without further involvement of the Court.  The monetary difference between the parties has shrunk, and Defendants have offered a valuable non-monetary benefit to bridge the difference that remains.  Although we recognize that additional give and take may be necessary, we certainly believe that the necessary components for a settlement are in play.

      For the above reasons, Defendants respectfully request that the Court postpone the settlement conference for forty-five days.  Counsel stands ready at the call of the Court.


Respectfully,

COZEN O'CONNOR


/s/ Sean J. Bellew

By:	Sean J. Bellew

SJB/sjr
cc:	Steven L. Caponi, Esquire
	Timothy D. Pecsenye, Esquire
	Jonathan D. Davis, Esquire
	David A. Felice, Esquire

WILM1\29728\1 158823.000