IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                                         :
**Ellesse USA, Inc.**                                    :
                                                         :
       Plaintiff,     :   C.A. No. 04-1316 GMS
                                                         :
       v.             :   **JURY TRIAL DEMANDED**
                                                         :
**Sean Combs and**                                       :
**Sean John Clothing, Inc.,**                            :
                                                         :
       Defendants.    :
---------------------------------------------------------X

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED, by and between Ellesse USA, Inc. and Sean Combs and Sean John Clothing, Inc. (hereinafter, a "Party," collectively the "Parties"), through their respective counsel, subject to the approval of this Court, that the following Protective Order be entered herein pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 501:

IT IS HEREBY ORDERED THAT:

1.    "Confidential Information" as used in this Protective Order means any documents, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for admissions, or other disclosure of information by the Party, person, or entity disclosing it (hereinafter the " Disclosing Party ") which is not publicly known and is of technical

or commercial advantage to its possessor, in accordance with Fed.R.Civ.P. 26(c)(7), or other information required by law or agreement to be kept confidential. "Confidential Attorneys Eyes Only" as used in this Protective Order means any documents, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for admissions, or other disclosure of information is comprised of information that the Disclosing Party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made, unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

2.      Any "document" (defined herein as including: exhibits, documents produced by any Party, answers to interrogatories, responses to requests for admissions, deposition transcripts) produced or obtained by any Party during discovery in this case which the Party contends sets forth or contains any Confidential Information shall be stamped by the Party producing the information, *i.e.*, the Disclosing Party, as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY".

3.      The aforesaid designations as to documents shall be made by placing a rubber stamp impression <u>on each page</u> of the document which the Disclosing Party wishes to designate as confidential. All documents to be so designated shall be stamped prior to the transmission of a physical copy thereof to the other Party (hereinafter the "Receiving Party"). If a document

- 2 -

consists of multiple pages that are bound or otherwise affixed together, it should be sufficient to stamp the aforesaid designations on the first page only.

  4. Information designated as CONFIDENTIAL may be disclosed only to the following persons:

  a. the outside attorneys of record which represent any Party in this action (that is, Jonathan D. Davis, P.C., Cozen O'Connor and Blank Rome LLP), in-house attorneys representing any Party in this action, and any paralegal, stenographic, and clerical employees working under the direct supervision of such attorneys;

  b. experts (including consultants and investigators) retained by any Party or counsel to any Party to assist in this action, but only to the extent necessary to perform such work, and provided that such experts, consultants, or investigators shall not be an officer, director, agent, or employee of a Party or otherwise working for or on behalf of a Party in connection with that Party's business and that paragraph 7 is complied with;

  c. personnel of third party vendors engaged by a Party or by counsel for a Party to assist counsel in: (i) the coding, imaging or other management of documents produced in discovery in this litigation or of associated databases; (ii) the translation of any foreign language document or testimony; (iii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iv) jury research and analysis, provided that such personnel of third party vendors shall not be employees of a Party or otherwise working for or on behalf of a Party in connection with that Party's business;

  d. any Party, including directors, officers, managing agents, and other employees assisting with the preparation of this case for trial; and

  e. the Court and its personnel.

- 3 -

121314.00601/11416057v2

5. Information designated as CONFIDENTIAL ATTORNEY EYES ONLY may be disclosed only to the following persons:

    a. the outside attorneys of record which represent any Party in this action (that is, Jonathan D. Davis, P.C., Cozen O'Connor and Blank Rome LLP), in-house attorneys representing any Party in this action, and any paralegal, stenographic, and clerical employees working under the direct supervision of such attorneys, provided, however, that no person who is a Party or agent or employee of a Party may be retained as a paralegal, stenographic, or clerical employee within the meaning of this paragraph;

    b. experts (including consultants and investigators) retained by any Party or counsel to any Party to assist in this action or in any related litigation, but only to the extent necessary to perform such work and provided that such experts, consultants, or investigators shall not be an officer, director, agent, or employee of a Party or otherwise working for or on behalf of a Party in connection with that Party's business and that paragraph 7 is complied with;

    c. personnel of third party vendors engaged by a Party or by counsel for a Party to assist counsel in (i) the coding, imaging or other management of documents produced in discovery in this litigation or of associated databases; (ii) the translation of any foreign language document or testimony; (iii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iv) jury research and analysis, provided that such personnel of third party vendors shall not be employees of a Party or otherwise working for or on behalf of a Party in connection with that Party's business; and

    d. the Court and its personnel.

6. The persons described in paragraphs 4(b)-(d) and 5(b)-(c) shall be allowed access to the CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY material only after

they have read this Order and signed a copy of the attached "Acknowledgement". The undersigned counsel shall maintain a list of the persons to whom CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY material is disclosed, and such list shall be available for inspection by the Court. The persons receiving CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY material are enjoined from disclosing it to any other person, except as permitted by this Order, and are further enjoined from using such material for any purpose other than the prosecution or defense of this litigation or any related lawsuit between parties to this litigation.

7. For each expert to whom any Party desires to disclose CONFIDENTIAL and/or CONFIDENTIAL ATTORNEY EYES ONLY information and/or documents, such Party must first identify in writing to the attorneys for the producing Party the following information: the expert's full name, professional address, educational background, all present nonconfidential employment and consultancies, all prior nonconfidential full-time employment and consultancies within the last four years, and a list of all cases in which the expert or consultant has testified at a deposition or in court within the last four years. Counsel for the producing Party shall have ten (10) business days from receipt of such notice to object to disclosure of such CONFIDENTIAL and/or CONFIDENTIAL ATTORNEY EYES ONLY information and/or documents to such expert. Any and all such objections must be made in writing with all such grounds stated with specificity. The Parties shall attempt to resolve such objections informally. If any objection cannot be resolved, the Party seeking to disclose the CONFIDENTIAL and/or CONFIDENTIAL ATTORNEY EYES ONLY information and/or documents to the expert may move the Court for an order allowing the disclosure. In the event an objection is made and not resolved between the Parties, disclosure of the CONFIDENTIAL and/or CONFIDENTIAL ATTORNEY EYES ONLY

information and/or documents shall not be made except by order of the Court (or to any limited extent upon which the parties may agree).

8. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to the Confidential Information. The fact that information is or is not designated as confidential under this Protective Order shall not determine what a trier-of-fact may find to be confidential or proprietary.

9. The attorneys of record and all others to whom such designated Confidential Information is disclosed are ordered to maintain such designated Confidential Information in strict confidence, are ordered not to disclose such designated Confidential Information except in accordance with this Order, and are ordered to use such designated Confidential Information solely for purposes of this litigation. Access to Confidential Information shall be permitted only to persons properly having access thereto under the terms of this Order. Confidential Information may not be used in related proceedings in the United States Patent and Trademark Office except with the permission of the producing Party or leave of Court.

10. To the extent that it is necessary to file with the Court material containing Confidential Information (including documents, answers to interrogatories, deposition transcript pages, *etc.*) in connection with further proceedings in this action, unless otherwise ordered by the Court, such material shall be filed with the Clerk of the Court in a sealed envelope marked with the caption of this case and the notation: **"CONFIDENTIAL INFORMATION OF _____, SEALED PURSUANT TO PROTECTIVE ORDER; DO NOT OPEN WITHOUT COURT ORDER OR PERMISSION OF THE DISCLOSING PARTY"**. No such sealed envelope shall be opened without an Order from the Court or written authorization of the Disclosing Party identifying by name the person or persons who may have

access to the sealed material, and specifically designating which portions of the sealed file may be revealed to them. It shall not be a violation of this Order to provide copies of any such information to the assigned Judge of this case.

11.  A Receiving Party who wishes to use materials designated as Confidential Information without maintaining the confidentiality thereof, may give written notice to the Disclosing Party of the materials to be used. The Disclosing Party shall, within five (5) business days, identify in writing the information in the materials which it considers to be confidential. The Receiving Party can, thereafter, use the materials, with the identified information excised, as if the material, had not been designated confidential.

12.  This Protective Order shall not foreclose a Party from moving this Court for an Order that materials designated as Confidential Information by a Disclosing Party are, in fact, not confidential. The burden shall be on the Disclosing Party to prove that the materials are confidential. In no event, however, shall the Confidential Information be disclosed in violation of the terms of this Protective Order without written authorization of the Disclosing Party or a prior Order of the Court allowing such disclosure.

13.  No Party to this action shall be obligated to challenge the proprietary nature of any designation, and a failure to do so shall not preclude a subsequent attack on the proprietary nature of such designation. If the Receiving Party disagrees with any CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY designation by the Disclosing Party, the Parties shall first seek in good faith to resolve their dispute. If the Parties are unable to resolve their dispute, then the Party asserting that designated material or information is not CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY shall be permitted to file a motion seeking to remove the CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY designation, but

the Disclosing Party shall have the burden of establishing that the information or material is confidential. The disputed material shall remain CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY and subject to the terms of this Order until the Court rules on such motion. Insofar as the provisions of any protective orders entered in this litigation restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation except: (a) that there shall be no restriction on documents that are used as exhibits before the Court, except as the Court may direct, and (b) that a Party may seek the written permission of the Disclosing Party or further order of the Court with respect to dissolution or modification of such protective orders.

14. All or portions of deposition testimony may be designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY during a deposition by making a statement to that effect on the record. Alternatively, within twenty (20) business days after receipt of any deposition transcript and/or videotape, counsel for a Party or third party whose CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY material was disclosed during the deposition may so designate the appropriate pages of the transcript and/or portions of the videotape and serve notice of the designation on opposing counsel. For twenty (20) business days after receipt of any deposition transcript and/or videotape, the deposition transcript and/or videotape, including exhibits, shall be deemed CONFIDENTIAL ATTORNEY EYES ONLY

15. No person may disclose, in public or private, designated material except as set forth in this Protective Order; but nothing contained in this Protective Order shall affect the right of any Disclosing Party from use of its own confidential materials for any purpose.

16. If any Party objects at any time to any provision of this Protective Order, the Party shall attempt to resolve the issue with the other Parties via a Stipulated Amended Order. If the

- 8 -

Parties are unable to reach an agreement, any Party may move to amend this Protective Order on five (5) business days notice.

17.     This Protective Order shall not be construed to prevent any Party, or its respective counsel, from making use of or disclosing information which:

    a.      was lawfully in his/her possession prior to the designation of such information as Confidential Information;

    b.      appears in any published material, other than by a breach of this Protective Order, provided that where a combination of matter is disclosed, and in combination asserted to be Confidential Information, it shall not be deemed so available unless it is available in an integrated form in ay single publication; or

    c.      was or is hereafter obtained legitimately from a source or sources (other than the Disclosing Party) having lawful possession.

If a party believes it possesses information covered by this paragraph 17 a-c, the party may not disclose such information until it has obtained written permission from the Disclosing Party, or is granted relief to do so by the Court.

18.     This Protective Order shall not be construed as a waiver by the Parties of any objection which might be raised as to the admissibility of any evidentiary material. This Protective Order shall be without prejudice to the rights of any person to oppose production of any information on any proper ground.

19.     Insofar as the provisions of this Protective Order restrict the use or communication of any document or information produced hereunder, this Protective Order shall continue to be binding after the termination of this litigation and the Court shall retain

jurisdiction over all persons and Parties bound by this Protective Order for the purposes of its enforcement.

20. If another Court or administrative agency subpoenas or orders production of documents or information designated as Confidential Information which a Party has obtained under the terms of this Protective Order, said Party shall notify the Party who designated the materials, *i.e.*, the Disclosing Party, of the pendency or such subpoena or order as soon as reasonably possible before the return date of the subpoena or order.

21. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on the knowledge of Confidential Information and information derived therefrom, provided however, that in rendering such advice and otherwise communicating with their clients, counsel shall not make specific disclosure of any items so designated, except as permitted pursuant to the procedures required by this Protective Order.

22. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate show, such additional protection with respect to the confidentiality of documents or other discovery material as that Party may consider appropriate; nor shall any Party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated. In the event that any Party designates matter for protection hereunder which is later found not entitled to such protection, the Court may, on a motion for relief from any such designation, award to the moving Party its costs and fees resulting therefrom, if it finds that such designation was made without substantial justification.

23. Notwithstanding any of the provisions of this Order, any witness subject to a noticed deposition in this proceeding and his counsel of record may be shown, and questioned, concerning any document of which he is alleged or claims to be the author or a recipient or of which he is alleged to have knowledge. Nothing in this Order shall preclude court officials or any certified reporter retained to transcribe depositions in this proceeding from access to designated materials during court proceedings or depositions in this proceeding.

24. If, in the course of this action, discovery is sought from third parties which would require such parties to disclose and/or produce CONFIDENTIAL or ATTORNEY'S EYES ONLY information, such third parties may gain the protections of this Protective order by agreeing in writing to produce documents pursuant to this Order and to be bound by it. No further order of the Court shall be necessary to extend the protections of this Order to third parties.

25. Within sixty (60) days after final termination of this litigation, counsel for each of the Parties shall return to the person or entity producing it, or certify in writing the destruction of, all Confidential Information in its possession, except that counsel for the Parties may keep one set of pleadings, motion papers, deposition transcripts and exhibits, and the like, which such counsel deems necessary for use only with respect to issues which might later arise out of the litigation, provided such counsel notifies the opposing counsel of the Confidential Information which is retained and the reasons for such retention. This Protective Order shall survive the final termination of this litigation to the extent that the Confidential Information is not, or does not

become, known to the public through no fault of any recipient of the Confidential Information hereunder.

Date: _____May 1_____, 2005    By: ___David A. Felice_ #4090___
Sean J. Bellow, Esquire
David A. Felice, Esquire
COZEN O/CONNOR
Chase Manhattan Centre
1201 North Market Street, Suite 1400
Wilmington, DE 19801

Jonathan D. Davis, Esquire
Jonathan D. Davis, P.C.
99 Park Avenue, Suite 1600
New York, NY 10016-1503

Attorneys for Defendants

Date: _____May 2_____, 2005    By: _____
Steven L. Caponi
BLANK ROME LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

Attorneys for Plaintiff, Ellesse USA, Inc.

Of Counsel:
Timothy D. Pecsenye, Esquire
Emily J. Barnhart, Esquire
Jennifer L. Miller, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, Pennsylvania 19103
(215) 569-5500

IT IS SO ORDERED:

Dated this _____ day of _____, 2005

_____
United States District Judge

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: 
**Ellesse USA, Inc.**                          :
                                               :
      Plaintiff,            :     C.A. No. 04-1316 GMS
                                               :
      v.                    :     **JURY TRIAL DEMANDED**
                                               :
**Sean Combs and**                             :
**Sean John Clothing, Inc.,**                  :
                                               :
      Defendants.           :
---------------------------------------------------------------X

### ACKNOWLEDGEMENT OF:

_____

I, _____, under penalty of perjury, declare and state as follows:

1. My address is _____

_____.

2. My present employer is _____

and the address of my present employer is _____

_____.

3. My present occupation or job description is _____

- 13 -

121314.00601/11416057v2

_____.

4. I received a copy of the Stipulated Protective Order in the above-identified action, which order was entered on _____.

5. I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for the purposes of the above-identified action, any Confidential Information that is supplied to me.

8. I will return each document and each other tangible item that discloses or reveals any Confidential Information to the attorney who provided such document or other tangible item to me. Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Confidential Information to the attorney who provided such Confidential Information to me.

9. I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of Stipulated Protective Order.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this _____ day of _____, _____.

_____
Signature